IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA D. HOLLERS,

      Plaintiff,

v.                                                        No. 2:25-cv-00378-JHR

ERICA BAKER,
in her individual and official capacities,
JANE AND JOHN DOES,
in their individual and official capacities,
SIERRA COUNTY MAGISTRATE COURT and
NEW MEXICO STATE PARKS,

      Defendants.

### ORDER DENYING MOTION TO APPOINT COUNSEL

      Plaintiff, a former employee of Defendant New Mexico State Parks, alleges that Defendant Baker, a ranger employed by New Mexico State Parks, issued a citation to Plaintiff "without investigation, evidence, or probable cause." Complaint for Civil Rights Violations at 2, Doc. 1, filed April 18, 2025 ("Complaint). Plaintiff also alleges that Defendant Sierra County Magistrate Court and Defendants Jane and John Does, who are employees of Sierra County Magistrate Court, violated Plaintiff's civil rights during court proceedings. *See* Complaint at 2-5.

      Plaintiff moves the Court to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). *See* Motion for Appointment of Counsel Under 28 U.S.C. § 1915(e)(1), Doc. 7, filed April 28, 2025; Affidavit of Joshua D. Hollers in Support of Motion for Appointment of Counsel, Doc. 8, filed April 28, 2025. Section 1915(e)(1) states: "The court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).

      "[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad"

discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

> We start with the scope of the district court's authority: The court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In deciding whether the district court acted within its discretion, "we consider the merits of the claims, the nature of the claims, [the claimant's] ability to present the claims, and the complexity of the issues." *Id.* at 397.
>
> The district court considered these factors and declined to request legal representation for Mr. Moaz. This decision was reasonable:
>
>> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants like [Mr. Moaz]. But the dilemma was not the district court's fault; that dilemma was the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.
>
> *Id.* at 397.

*Moaz v. Denver International Airport*, 747 Fed.Appx. 708, 711 (10th Cir. 2018).

The Court denies Plaintiff's motion to appoint counsel because the Court does not have the authority to appoint counsel. The Court declines to request legal representation for Plaintiff.  It appears the Complaint should be dismissed because the Court lacks jurisdiction over some of the claims due to Eleventh Amendment sovereign immunity, some of the Defendants have absolute judicial immunity, the Complaint fails to state a claim against the remaining Defendant in her personal capacity, and many of the claims appear to be barred by the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine due to those claims arising from proceedings in state court. *See* Order to Show Cause, Doc. 9, filed April 30, 2025 (explaining the deficiencies in the Complaint).  Plaintiff states his "disabilities severely impact his ability to full develop and litigate these nuanced issues." Motion at 3.  However, it appears that Plaintiff is sufficiently able to present his claims which do not involve complex legal issues.  For example, Plaintiff has shown in his Motion to Appoint Counsel that he can do legal research, identify the relevant legal standards and clearly present his arguments to the Court.  The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel Under 28 U.S.C. § 1915(e)(1), Doc. 7, filed April 28, 2025, is **DENIED.**

_____
**UNITED STATES MAGISTRATE JUDGE**