## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSHUA D. HOLLERS,

       Plaintiff,

v.                                                          No. 2:25-cv-00378-KWR-JHR

ERICA BAKER,
in her individual and official capacities,
JANE AND JOHN DOES,
in their individual and official capacities,
SIERRA COUNTY MAGISTRATE COURT and
NEW MEXICO STATE PARKS,

       Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, a former employee of Defendant New Mexico State Parks, alleged that Defendant Baker, a ranger employed by New Mexico State Parks, issued a traffic citation to Plaintiff "without investigation, evidence, or probable cause."  Complaint for Civil Rights Violations at 2, Doc. 1, filed April 18, 2025 ("Complaint).  Defendant also alleged that Defendant Sierra County Magistrate Court and Defendants Jane and John Does, who are employees of Sierra County Magistrate Court, violated Plaintiff's civil rights during court proceedings.  *See* Complaint at 2-5.  Plaintiff sought monetary damages, "injunctive relief restraining further prosecution or enforcement of the underlying criminal matter," and a declaration regarding the "procedural defects, constitutional violations, and jurisdictional errors." Complaint at 6.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff:

It appears that Plaintiff's claims against New Mexico State Parks, Sierra County Magistrate Court and Defendant Baker in her official capacity are barred by the State of New Mexico's Eleventh Amendment immunity. . . [explaining Eleventh

Amendment immunity and why it appears the limited exceptions do not apply to this case]. . .

It appears Defendants Jane and John Does, as judicial officers, are immune from suit in their official and personal capacities.  "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved.  Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process."  (citations omitted).

. . . Plaintiff alleges that in February 2025 he "received a citation from Officer Erica Baker without investigation, evidence, or probable cause" and "commenced and pursued criminal charges with no probable cause, rooted in retaliatory motives tied to prior employment and whistleblower abuse conduct."  Complaint at 2, 4.  The Complaint fails to state a claim against Defendant Baker because there are no specific facts that plausibly show why probable cause was absent. *See Sabus v. Pawnee County Bd. of County Comm'rs*, 2023 WL 3994386 *2 ("to establish a lack of probable cause for an arrest or prosecution, the plaintiff must go beyond making conclusory allegations that no probable cause existed and must plead specific facts that plausibly support his claim") (citing *Erikson v. Pawnee Cnty. Bd. of Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001)); *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Allegations that are merely consistent with a defendant's liability" are not sufficient; a plaintiff must "allege facts from which we may reasonably infer Defendant's liability" and which "nudge the claim across the line from conceivable or speculative to plausible").

. . . It appears that many of Plaintiff's claims may be barred by the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine because they arise in large part from the proceedings in Sierra County Magistrate Court.  [explaining the *Younger* abstention and *Rooker-Feldman* doctrines].

. . . Plaintiff asks for "injunctive relief restraining further prosecution or enforcement of the underlying criminal matter."  Complaint at 6.  It appears the Court cannot grant such injunctive relief.  *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"). . . [describing the Anti-Injunction Act, 28 U.S.C. § 2283, and notifying Plaintiff it appears that none of the exceptions apply to this case].

Order to Show Cause at 2-7, Doc. 9, filed April 30, 2025.  Judge Ritter ordered Plaintiff to show

cause why the Court should not dismiss this case and to file an amended complaint.  *See* Order to

Show Cause at 9.  Judge Ritter also notified Plaintiff that "to state a claim in federal court, a

complaint must explain what each defendant did to him or her; when the defendant did it; how

the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated."  Order to Show Cause at 8 (quoting *Nasious v. Two Unknown B.I.C.E.*

*Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

Plaintiff filed a combined "Amended Complaint & Response to Order to Show Cause."

*See* Doc. 11, filed May 12, 2025 ("Amended Complaint and Response").  Plaintiff's Amended

Complaint and Response fails to remedy the deficiencies identified by Judge Ritter.

First, the Amended Complaint fails to state claims against each of the Defendants.  The

only factual allegations in the Amended Complaint of the events giving rise to this case are:

> Plaintiff has filed at least eight state-level motions . . . none of which have
> received any ruling.
> . . . .
> Plaintiff has exhausted all available state-level options and received no response,
> remedy, or protection.
> . . . .
> Officer Erica Baker issues citation #75294 (marked "illegal Dumping") from
> inside her vehicle [on February 14, 2025].
> [general descriptions of documents Plaintiff filed in state court and state court
> actions regarding scheduling].

Amended Complaint and Response at 2-5.  Those allegations are not sufficient to state plausible

claims.  *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)

("Allegations that are merely consistent with a defendant's liability" are not sufficient; a plaintiff

must "allege facts from which we may reasonably infer Defendant's liability" and which "nudge

the claim across the line from conceivable or speculative to plausible").  "An amended complaint

supersedes the original complaint and renders the original complaint of no legal effect."

*Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)).

Second, the Amended Complaint and Response does not address why Plaintiff's claims against New Mexico State Parks, Sierra County Magistrate Court and Defendant Baker in her official capacity are not barred by the State of New Mexico's Eleventh Amendment immunity.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018). Consequently, Plaintiff has not shown that the Court has jurisdiction over his claims against New Mexico State Parks, Sierra County Magistrate Court and Defendant Baker in her official capacity.

Plaintiff references the New Mexico Civil Rights Act. The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added), and:

> The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico

> Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M.S.A. § 41-4A-9 (emphasis added).   The New Mexico Civil Rights Act waives sovereign immunity only for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court.

Third, Judge Ritter notified Plaintiff that it appears Defendants Jane and John Does, as judicial officers, are immune from suit in their official and personal capacities and quoted United States Supreme Court and Tenth Circuit case law explaining judicial immunity.  *See* Order to Show Cause at 4-5.   Plaintiff's Amended Complaint at Response does not address judicial immunity.

Fourth, Plaintiff has not shown that this case is not barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court."  *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)).   In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).  Plaintiff contends that the Magistrate Court is not an adequate forum to hear the claims

raised in this case because: "Plaintiff has been denied: Access to records and discovery; The presence or appearance of any prosecuting authority; The opportunity to raise or argue constitutional claims at any stage; Basic notice of hearings." Amended Complaint and Response at 2 (stating that "Plaintiff has filed at least eight state-level motions . . . none of which have received any ruling"). Plaintiff has not shown that the state court system is not an adequate forum. State court records indicate that Plaintiff's citation was filed in Magistrate Court on February 19, 2025, Plaintiff has filed 10 motions from April 4, 2025, to April 29, 2025, and his case in Magistrate Court is set for a bench trial on June 24, 2025. *See New Mexico v. Joshua D. Hollers*, No. M-51-MR-202500048, T or C Magistrate Court. This Court cannot determine at this time that the state court is not an adequate forum because the Magistrate Court has yet to rule on Plaintiff's recently filed motions and the bench trial has not yet occurred.

Fifth, Judge Ritter notified Plaintiff that it appears that the Court is barred from granting injunctive relief restraining the Magistrate Court from prosecuting Plaintiff's case by the Anti-Injunction Act because it does not appear that any of the exceptions to the Anti-Injunction Act apply to this case.

The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:

1. Congress "expressly authorized" an injunction.

2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."

3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.

The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

6

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). Plaintiff contends that all three exceptions to the Anti-Injunction Act apply to this case stating:

> This case falls under each of those exceptions:
>
> > The state process is being weaponized to retaliate against a pro se, disabled veteran.
> >
> > No prosecutor has ever entered appearance;
> >
> > No lawful charging document has been produce;
> >
> > Jury rights were denied by verbal presumption of guilt;
> >
> > Recordings and transcripts have been blocked, requested five times without result;
> >
> > Cross-jurisdictional summons from Texas were issued in parallel to New Mexico hearings.

Amended Complaint and Response at 3-4. Plaintiff's contentions do not show that Congress expressly authorized an injunction for Plaintiff's case in Magistrate Court, that an injunction is necessary in aid of this Court's jurisdiction, or that an injunction is necessary to protect or effectuate a previous judgment in federal district court.

The Court dismisses this case without prejudice for the reasons stated above. Because it is dismissing this case, the Court denies Plaintiff's pending Motions for leave to proceed *in forma pauperis*, for appointment of counsel, for a preliminary injunction, for summary judgment and to compel production of hearing audio, body camera footage and related records as moot.

Plaintiff restricted access to his Motion for Summary Judgment to "Case Participants" which deprives the public of access to that document. *See* Doc. 18, filed May 16, 2025. A "party seeking to seal records must articulate a real and substantial interest that justifies depriving the

public of access to the records that inform our decision-making process." *JetAway Aviation, LLC v. Bd. Of County Comm'rs of County of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014).

**IT IS ORDERED** that:

(i)  This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Motion to Proceed *In Forma Pauperis*, Doc. 3, filed April 18, 2025, is **DENIED.**

(iii)  Plaintiff's Motion for Appointment of Counsel Under 28 U.S.C. § 1915(e)(1), Doc. 12, filed May 12, 2025, is **DENIED.**

(iv)  Plaintiff's Motion for Preliminary Injunction and Notice of Spoliation, Doc. 16, filed May 13, 2025, is **DENIED.**

(v)  Plaintiff's Motion for Summary Judgment and Entry of Spoliation Sanctions Under Rule 37(e), Doc. 18, filed May 16, 2025, is **DENIED.**

(vi)  Plaintiff's Motion to Compel Production of Hearing Audio, Body Camera Footage, and Related Records, Doc. 19, filed May 22, 2025, is **DENIED.**

(vi)  Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not remove the restriction on Plaintiff's Motion for Summary Judgment, Doc. 18, filed May 16, 2025, making the Motion for Summary Judgment available the public. Failure to timely show cause may result in the Court granting the public access to the Motion for Summary Judgment.

       _____/S/ KEA W. RIGGS_____
       **UNITED STATES DISTRICT JUDGE**